UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 4:20-cv-00211-JMS-DML |
| | ) | |
| *vs.* | ) | |
| | ) | |
| MARION HARDING, CRAIG SCHNECKENBERGER, THE ESTATE OF SALLY SCHNECKENBERGER, *deceased*, and MELISSA GREGORY ADAMS, | ) | |
| | ) | |
| *Defendants*. | ) | |

## ORDER

Plaintiff American Family Mutual Insurance Company, S.I. ("American Family") issued a

Family Car Policy ("the Policy") to Defendant Melissa Gregory Adams,[1] which covered her 2014

Buick Verano ("the Buick").  On November 12, 2019, Defendant Marion Harding was driving the

Buick in Holton, Indiana when he failed to stop at a stop sign and collided with a car driven by

Defendant Craig Schneckenberger and in which his wife, Sally Schneckenberger, was a passenger.

Ms. Schneckenberger died as a result of the injuries she sustained in the accident.  American

Family paid the $100,000 "each person" Bodily Injury Liability limit to the Estate of Sally

Schneckenberger ("the Estate"), and offered Mr. Schneckenberger a separate $100,000 "each

person" Bodily Injury Liability limit to settle his claims arising from the accident.  Mr.

Schneckenberger rejected American Family's offer, instead seeking the remaining $200,000 of the

---

[1] The Policy was issued to "Melissa Gregory," but American Family names "Melissa Gregory Adams" as a Defendant.  The Court surmises that "Adams" is Ms. Gregory's married name, and the parties do not appear to dispute that "Melissa Gregory" and "Melissa Gregory Adams" are the same person.

Policy's $300,000 "each occurrence" Bodily Injury Liability limit for his physical injuries and emotional distress damages arising from the accident.  He also filed a lawsuit against Mr. Harding and Ms. Adams in Ripley County Superior Court in which he asserts negligence and infliction of emotional distress claims ("the State Court Lawsuit").  American Family then initiated this lawsuit against Mr. Schneckenberger, the Estate, Mr. Harding, and Ms. Adams, seeking a declaration that it is only liable under the Policy for the $100,000 "each person" Bodily Injury Liability limit for Mr. Schneckenberger's claims related to the accident.  American Family has filed a Motion for Summary Judgment, [Filing No. 48], which is now ripe for the Court's decision.

## I.
### STANDARD OF REVIEW

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits.  Fed. R. Civ. P. 56(c)(1)(A).  A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1)(B).  Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated.  Fed. R. Civ. P. 56(c)(4).  Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment.  Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson*, 325 F.3d at 898. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

## II.
### STATEMENT OF FACTS

**A.      The Policy**

American Family issued the Policy to Ms. Adams for a policy period from March 28, 2019

to March 28, 2020, and covering the Buick and a 1996 Pontiac Sunfire.  [Filing No. 48-2 at 2.]

The Policy provides a Bodily Injury Liability limit of $100,000 "Per Person" and $300,000 "Per

Occurrence."  [Filing No. 48-2 at 4.]  The Policy provides in relevant part:

E.      Limits Of Liability

1.      The limits of liability shown in the **Declarations** apply,
subject to the following:

a.      the **bodily injury** liability limit for "each person" is
the maximum for all damages sustained by all
persons as the result of **bodily injury** to one person
in any one occurrence, including damages for care,
loss of consortium, and loss of services.

b.      subject to the **bodily injury** liability limit for "each
person", the **bodily injury** liability limit for "each
occurrence" is the maximum for all damages
sustained by all persons as the result of **bodily injury**
to two or more persons in any one occurrence.

c.      the **property damage** liability limit for "each
occurrence" is the maximum for all damages to all
property in any one occurrence.

2.      The maximums stated in E.1. are the most we will pay for
any one occurrence regardless of the number of:

*                    *                    *

b.      **insured persons**;

c.      claims made;

d.      claimants….

*                    *                    *

3. Subject to E.2., the limits of liability shown in the **Declarations** for a vehicle may not be added, combined, or stacked with the limits shown in the **Declarations** for any other vehicle to determine the maximum limits available for each person or for each occurrence no matter how the premium is displayed.

[Filing No. 48-2 at 11-12 (emphasis in original).]

### B. The Accident

On November 12, 2019, Mr. Harding failed to stop at a stop sign at Old Michigan Road and U.S. 50 in Holton, Indiana, and collided with a car driven by Mr. Schneckenberger and in which Ms. Schneckenberger was a passenger. [Filing No. 48-12 at 7; Filing No. 48-13 at 2.] Ms. Schneckenberger died as a result of injuries she sustained in the accident. [Filing No. 48-12 at 7; Filing No. 48-13 at 2.]

### C. American Family's Payments

On March 30, 2020, American Family and the Estate entered into a settlement whereby American Family paid the Estate the $100,000 "each person" Bodily Injury Liability limit in exchange for a release of the Estate's claims.[2] [Filing No. 48-12 at 8; Filing No. 48-13 at 4.] Subsequently, American Family offered Mr. Schneckenberger the $100,000 "each person" Bodily Injury Liability limit for his injuries from the accident. [Filing No. 48-13 at 4; Filing No. 48-12 at 8.] Mr. Schneckenberger rejected American Family's offer, and demanded that American Family pay the remaining $200,000 of the "each occurrence" Bodily Injury Liability limit for his bodily injuries and his emotional distress claims. [Filing No. 48-13 at 5.] American Family refused, taking the position that Mr. Schneckenberger was only entitled to the $100,000 "each person"

---

[2] American Family has taken the position that Mr. Harding was a "permissive driver and/or relative of [Ms. Adams] residing in the same household" and, accordingly, is "considered an insured under the [Policy] at the time of the accident." [Filing No. 49 at 7.]

Bodily Injury Liability limit for all of the injuries he claimed from the accident, including emotional distress.  [Filing No. 48-13 at 5.]

### D.       The State Court Lawsuit

Because American Family refused to pay Mr. Schneckenberger the remaining $200,000 "each occurrence" Bodily Injury Liability limit, Mr. Schneckenberger initiated the State Court Lawsuit against Mr. Harding and Ms. Adams.  [Filing No. 50-1.]  In the State Court Lawsuit, Mr. Schneckenberger alleges a negligence claim against Mr. Harding for causing the accident, a negligence claim against Ms. Adams for entrusting her car to Mr. Harding, and negligent infliction of emotional distress claims against both Mr. Harding and Ms. Adams related to witnessing his wife's severe injuries and death.  [Filing No. 50-1.]

### E.       This Lawsuit

American Family initiated this lawsuit on October 9, 2020, [Filing No. 1], and filed the operative Amended Complaint for Declaratory Judgment on March 12, 2021, [Filing No. 36].  In the Amended Complaint, American Family states that it has paid the full $100,000 "each person" Bodily Injury Liability limits to the Estate and has offered the full $100,000 "each person" Bodily Injury Liability limits to Mr. Schneckenberger, and asks the Court to declare that:

- The Policy does not cover Mr. Harding or Ms. Adams for any additional liability claims by Mr. Schneckenberger arising out of the accident, including specifically for negligent infliction of emotional distress damages;

- American Family has no further obligation to defend Mr. Harding or Ms. Adams against any claims Mr. Schneckenberger may assert arising out of the accident, including specifically for negligent infliction of emotional distress damages;

- American Family has no further obligation to compromise or settle any claims by Mr. Schneckenberger arising out of the accident, including specifically for negligent infliction of emotional distress damages;

- American Family has no further obligation to pay or satisfy any judgment that may be rendered against Mr. Harding or Ms. Adams in favor of Mr. Schneckenberger for any claim arising out of the accident, including specifically for negligent infliction of emotional distress damages; and

- American Family, by tendering the $100,000 to Mr. Schneckenberger, has fully complied with its obligations under the Policy and does not have any further duty to defend, indemnify, compromise, settle, or pay any judgment on behalf of Mr. Harding or Ms. Adams for any damages, including emotional distress damages claimed by Mr. Schneckenberger.

[Filing No. 36 at 8-9.]

American Family filed a Motion for Summary Judgment, [Filing No. 48], and also filed Motions for Clerk's Entry of Default against Mr. Harding and Ms. Adams, as they have not answered or otherwise responded to the Amended Complaint, [Filing No. 62; Filing No. 63]. Default was entered against both Mr. Harding and Ms. Adams on July 7, 2021.  [Filing No. 68; Filing No. 69.]

### III.
### DISCUSSION

The Court notes at the outset that despite seeking additional time to respond to American Family's Motion for Summary Judgment, Mr. Schneckenberger never filed a response.  The Court could summarily grant the Motion for Summary Judgment for this reason alone.  *See* Local Rule 7-1(c)(5) (the Court "may summarily rule on a motion if an opposing party does not file a response within the deadline").  However, because the Court prefers to decide cases on the merits, it considers American Family's arguments below.

### A.    Mr. Schneckenberger's Emotional Distress Damages

In support of its Motion for Summary Judgment, American Family argues that Mr. Schneckenberger's claim for emotional distress, in addition to his claim for personal bodily injuries, is included in the single "each person" limit of liability.  [Filing No. 49 at 11.]  It points

to the "each person" and "each occurrence" limits and notes that it has already paid the $100,000 "each person" limit to the Estate for claims relating to the death of Ms. Schneckenberger. [Filing No. 49 at 12.]  As for Mr. Schneckenberger's claims arising from the accident, American Family argues that the "each person" limit is for all damages sustained by him in any one occurrence, "[r]egardless of whether [his] damages are from his personal injuries or his emotional distress arising from the death of his wife…." [Filing No. 49 at 13.]  American Family asserts that "[i]t makes no difference as to what theories of liability or element of damages are asserted, the [Policy] limits the payment of 'all damages' to the 'each person' limit of $100,000.00." [Filing No. 49 at 13.]  It contends that even if Mr. Schneckenberger's emotional distress claim was to be separate from his bodily injury claim, both claims are subject to a single "each person" limit for all of the damages he seeks. [Filing No. 49 at 13-14.]  American Family argues that the $300,000 "each occurrence" limit also does not apply because the Policy provides that that limit is "subject to the bodily injury liability limit for 'each person.'" [Filing No. 49 at 14.]  It also notes that the Limits of Liability provision applies the limit to persons, and not to elements of damages, and that Mr. Schneckenberger's emotional distress damages are not subject to a separate $100,000 limit of liability from his bodily injury damages. [Filing No. 49 at 16-17.]  American Family argues further that to the extent Mr. Schneckenberger's emotional distress claims are derivative of the injuries to Ms. Schneckenberger, they are barred by American Family's settlement with the Estate. [Filing No. 49 at 17- 21.]  Additionally, American Family points to the Policy's provision that "[n]o one will be entitled to duplicate payments for the same elements of loss." [Filing No. 49 at 24-25.]

At the outset, it is important to define the parameters of Mr. Schneckenberger's emotional distress claim.  The Amended Complaint in the State Court Lawsuit indicates that Mr. Schneckenberger's negligent infliction of emotional distress claim is based on him witnessing the

injuries to Ms. Schneckenberger, which ultimately resulted in her death.  [*See* Filing No. 50-1 at 4 (Mr. Schneckenberger setting forth a negligent infliction of emotional distress claim and alleging that he "was a witness to the severe injuries to his wife," and that "[a]s a result of witnessing the…incident and the severe and deadly injuries to his wife…, [he] has sustained and endured severe emotional trauma and distress and thus has been damaged").]

Under Indiana law,[3] an emotional distress claim based on witnessing personal injuries sustained by another person in an automobile accident, or their death, is subject to the same "each person" limit of liability as the claims of the injured or deceased passenger.  *Allstate Ins. Co. v. Tozer*, 392 F.3d 950, 953 (7th Cir. 2004) (applying Indiana law and holding that emotional distress claims by siblings who were involved in automobile accident along with their brother and witnessed his injuries were collectively subject to one "each person" limit of liability for "all damages because of bodily injury sustained by one person, including all damages sustained by anyone else as a result of that bodily injury"); *Allstate Ins. Co. v. Clancy*, 2005 WL 5949755, at *4-5 (N.D. Ind. 2005) (under Indiana law, "to the extent that [defendant] asserts a claim for emotional harm arising from witnessing the personal injuries sustained by his wife…, such a claim is subject to the same per-person limit of liability under the…policy as the per-person limit applicable to the claim of [defendant's wife] for her bodily injury"); *State Farm Mut. Auto. Ins.*

---

[3] The Court has diversity jurisdiction over this matter, and the parties appear to agree that Indiana law applies to American Family's claims.  Absent a disagreement, the Court will apply Indiana law.  *Mass. Bay Ins. Co. v. Vic Koenig Leasing*, 136 F.3d 1116, 1120 (7th Cir. 1998); *Wood v. Mid-Valley, Inc.*, 942 F.2d 425, 426-27 (7th Cir. 1991) ("The operative rule is that when neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits….  Courts do not worry about conflict of laws unless the parties disagree on which state's law applies.  We are busy enough without creating issues that are unlikely to affect the outcome of the case (if they were likely to affect the outcome the parties would be likely to contest them)").

*Co. v. D'Angelo*, 875 N.E.2d. 789, 798 (Ind. Ct. App. 2007) ("[Defendant's] claim for emotional distress arises from the fact that she witnessed [her son's] injuries.  Clearly, [defendant's] damages resulted from [her son's] bodily injury, and her claim therefore is subject to the $100,000 limit applicable to [her son's] injuries, the limits of which have been exhausted").

The Policy provides that the "each person" limit of liability applies to damages sustained "by all persons as the result of bodily injury to one person in any one occurrence…."  [Filing No. 48-2 at 11 (emphasis omitted).]  Accordingly, because Mr. Schneckenberger's emotional distress claim is based on witnessing his wife's injuries and death, that claim falls within the $100,000 "each person" limit of liability that American Family has already paid to the Estate.

In the alternative, to the extent that Mr. Schneckenberger is alleging an emotional distress claim based on his own injuries sustained in the accident, the claim would be subject to the $100,000 "each person" limit of liability that applies to his physical injuries, and which American Family has already offered to pay to him.  Under Indiana law, emotional distress resulting from physical injuries to the person asserting the emotional distress claim is considered "bodily injury." *See State Farm Mut. Auto. Ins. Co. v. Jakupko*, 881 N.E.2d 654, 658-59 (Ind. 2008) (emotional distress damages are considered "bodily injury" for purposes of automobile insurance policy's "each person" limit of liability where individual suffering emotional distress also suffered direct physical impact); *Elliott v. Allstate Ins. Co.*, 881 N.E.2d 662,664 (Ind. 2008) (emotional distress damages of individuals who were physically injured in accident were considered bodily injury under policy).  Because the Policy's "each occurrence" limit of liability is "subject to the bodily injury liability limit for 'each person'," [Filing No. 48-2 at 11-12) (emphasis omitted)], Mr. Schneckenberger can only recover the $100,000 "each person" limit of liability for his physical

injuries and – to the extent they are not based on witnessing Ms. Schneckenberger's injuries and death – his emotional distress damages.

In short, Mr. Schneckenberger's emotional distress damages fall under either the $100,000 "each person" limit of liability already paid to the Estate for bodily injury to Ms. Schneckenberger, or the $100,000 "each person" limit of liability American Family has offered to pay Mr. Schneckenberger for the physical injuries he sustained as a result of the accident.  American Family's Motion for Summary Judgment is **GRANTED** to the extent that the Court finds that the Policy does not provide coverage to Mr. Schneckenberger above and beyond the $100,000 "each person" limit of liability American Family has already offered to tender to him.

### B.    Indemnification or Defense of Mr. Harding and Ms. Adams for the State Court Lawsuit

In support of its Motion for Summary Judgment, American Family argues that because it has paid the $100,000 "each person" limit of liability to the Estate and has offered to pay the $100,000 "each person" limit of liability to Mr. Schneckenberger for his injuries, it has no further duty to defend or indemnify Mr. Harding or Ms. Adams in connection with the State Court Lawsuit.  [Filing No. 49 at 27-29.]

The Policy's Insuring Agreement provides:

> **We** will pay compensatory damages for which an **insured person** is legally liable because of **bodily injury** or **property damage** as a result of an auto accident.

> **We** will defend any suit or settle any claim for damages payable under this policy as we think proper.  **WE** WILL NOT DEFEND ANY CLAIM OR SUIT AFTER **OUR** LIMIT OF LIABILITY HAS BEEN OFFERED OR PAID.

[Filing No. 48-2 at 10 (emphasis in original).]

As for American Family's duty to defend Mr. Harding or Ms. Adams in the State Court Lawsuit, the Policy plainly and unambiguously states that American Family will not defend any

11

claim or suit after the limit of liability has been offered or paid.  American Family has already paid the Estate the applicable $100,000 "each person" limit of liability for injuries to Ms. Schneckenberger.  Additionally, the Court has found that the $100,000 "each person" limit of liability applies to Mr. Schneckenberger's claims, including his claim for emotional distress damages.  It is undisputed that American Family has offered Mr. Schneckenberger the $100,000 "each person" limit of liability.  This offer ended American Family's obligations under the Policy to defend Mr. Harding or Ms. Adams in the State Court Lawsuit.  Further, American Family's obligation to indemnify Mr. Harding or Ms. Adams in connection with the State Court Lawsuit also ended when American Family offered to pay Mr. Schneckenberger the $100,000 "each person" limit of liability.

Because American Family has paid the Policy's applicable limit of liability for the Estate's claims, and has offered the applicable limit of liability for Mr. Schneckenberger's injuries (including his emotional distress damages), the Court **GRANTS** American Family's Motion for Summary Judgment to the extent it finds that American Family has no further duty to defend or indemnify Mr. Harding or Ms. Adams in connection with the State Court Lawsuit.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** [48] American Family's Motion for Summary Judgment, and finds that:

- The Policy does not cover Mr. Harding or Ms. Adams for any additional liability claims by Mr. Schneckenberger arising out of the accident, including specifically for negligent infliction of emotional distress damages;

- American Family has no further obligation to defend Mr. Harding or Ms. Adams against any claims Mr. Schneckenberger may assert arising out of the accident, including specifically for negligent infliction of emotional distress damages;

12

- American Family has no further obligation to compromise or settle any claims by Mr. Schneckenberger arising out of the accident, including specifically for negligent infliction of emotional distress damages;

- American Family has no further obligation to pay or satisfy any judgment that may be rendered against Mr. Harding or Ms. Adams in favor of Mr. Schneckenberger for any claim arising out of the accident, including specifically for negligent infliction of emotional distress damages; and

- American Family, by tendering the $100,000 to Mr. Schneckenberger, has fully complied with its obligations under the Policy and does not have any further duty to defend, indemnify, compromise, settle, or pay any judgment on behalf of Mr. Harding or Ms. Adams for any damages, including emotional distress damages claimed by Mr. Schneckenberger.

Final judgment shall enter accordingly.

Date: 7/28/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**